Argued and submitted March 3, affirmed July 2, reconsideration denied August 15, petition for review denied September 16, 1986 (301 Or 765)

In the Matter of the Adoption of
Baby Boy D, a Child.

**G.S.B.,**
*Appellant,*

*v.*

**S.M.D. et al,**
*Respondents.*

(A3699; CA A37470)

720 P2d 1339

Susan Elizabeth Reese, Portland, argued the cause and filed the brief for appellant.

Craig A. Lytle, Lake Oswego, argued the cause for respondents. With him on the brief was Laurence Spiegel, Lake Oswego.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiff, the putative father, appeals from the denial of his motion to abate the adoption proceedings for Baby Boy D. He testified that he learned of his ex-girlfriend's pregnancy in June, 1985. She gave birth on July 6, 1985, and, with her consent, the child was placed with the adoptive parents on July 8, 1985. They filed a petition to adopt on July 9. When plaintiff discovered that the baby had been born, he sought legal assistance and initiated a filiation proceeding on July 18, 1985. Notice of that action was not filed with the Vital Statistics Unit of the Health Division until August 6, 1985.

ORS 109.096(3) provides:

> "The putative father shall be entitled to reasonable notice in a proceeding for the adoption of the child if notice of the initiation of filiation proceedings as required by ORS 109.225 was on file with the Vital Statistics Unit of the Health Division of the Department of Human Resources prior to the child's being placed by an authorized agency in the physical custody of a person or persons for the purpose of adoption by them. *If the notice of the initiation of filiation proceedings was not on file at the time of the placement, the father shall be barred from contesting the adoption proceeding." (Emphasis supplied.)*

Plaintiff did not initiate a proceeding until 10 days after mother had given consent to the child's adoption and the adoptive parents had taken custody. He did not file a notice with the Vital Statistics Unit until a month after the child had been placed with them. Under the quoted statute he is barred from contesting the adoption.

The trial court found that plaintiff was aware of the pregnancy at least one month before the adoptive parents filed their adoption petition, that mother did not attempt to conceal the pregnancy and that he also knew that she was considering adoption at least one month before the child was born. The court concluded that plaintiff had the opportunity to file a timely notice and denied his motion to abate, because under the statute he is barred from challenging the adoption.

■ Among other arguments, plaintiff asserts that "the entire purpose of ORS 109.096 * * * is to insure some protection for a putative father during a modest period of time within which he might assert his right." We have stated that

that provision protects putative fathers who demonstrate a commitment to the responsibilities of parenthood, that a father has a primary responsibility to protect those rights and that, if he takes the necessary steps, he gains the same rights as a father of a child born in marriage. *P and P v. Children's Services Division,* 66 Or App 66, 73, 673 P2d 864 (1983). In this case, plaintiff simply failed to meet the statutory requirements for protecting his rights. Furthermore, the actions mother took that led to the adoption complied exactly with her statutory rights. ORS 109.092.[1] She consented to the child's adoption, without the consent of plaintiff, when he had not yet asserted his rights. Mother consented on July 8, and adoption proceedings were filed on July 9. Plaintiff did not even initiate a filiation proceeding until July 18.

 Plaintiff discusses various statutory provisions without applying them to his situation; rather, he is apparently trying to argue that, in general, his rights should be paramount to the adoptive parents. For example, he says that ORS 109.098(1)[2] requires the court to inquire into the paternity of a

---

[1] ORS 109.092 provides:

"When it is determined that a woman is pregnant with a child, the woman and any man to whom she is not married and with whom she engaged in sexual intercourse at approximately the time of conception have an obligation to recognize that the man may be the other person responsible for the conception. During the months of pregnancy, the man may join the woman in acknowledging paternity and assuming the rights and duties of expectant parenthood. If the man acknowledges paternity of the expected child and the woman denies that he is the father or refuses to join him in acknowledging paternity, the man may seek relief under ORS 109.125. If the woman wants the man to join her in acknowledging his paternity of the expected child and the man denies that he is the father or refuses to join her in acknowledging paternity, the woman may seek relief under ORS 109.125. *If after the birth of the child the mother decides to surrender the child for adoption and paternity has not been acknowledged as provided in ORS 109.070(5) or that putative father has not asserted his rights in filiation proceedings, the mother has the right without the consent of the father to surrender the child as provided in ORS 418.270 or to consent to the child's adoption.*" (Emphasis supplied.)

[2] ORS 109.098(1) provides:

"If a putative father of a child by due appearance objects to the relief sought in a proceeding of which he is entitled to notice under ORS 109.096, the court:

"* * * * *

"(b) Shall, if filiation proceedings are not pending, inquire as to the paternity of the child, the putative father's past endeavors to fulfill his obligation to support the child and to contribute to the pregnancy-related medical expenses, the period that the child has lived with the putative father, the putative father's fitness to

child. What he does not say is that the statute only requires that inquiry *if* the father was entitled to notice under ORS 109.096 (*i.e.,* he had filed a statutory notice of filiation proceedings). He also raises issues based on the statute governing parents' (and he stresses the plural) release of children to private adoption agencies. ORS 418.270. Those provisions, however, are not applicable in this situation, because father has not established his paternity as required by ORS 109.070.

The only relevant issue in this case is whether plaintiff asserted his rights in a timely manner. He did not. The trial court's decision to bar him from challenging the adoption is correct.

Affirmed.

---

care for and rear the child and whether the putative father is willing to be declared the father of the child and to assume the responsibilities of a father."