Argued and submitted February 2, affirmed March 11, reconsideration denied
April 24, petition for review denied July 8, 1987 (303 Or 590)

In the Matter of the Adoption of
Baby Girl Desmarais, a Minor Child.

BURNS,
*Appellant,*

*v.*

CRENSHAW et al,
*Respondents.*

(1334; CA A40640)

733 P2d 922

Brian J. MacRitchie, Bend, argued the cause for appellant. With him on the brief was MacRitchie & Lewis, Bend.

Warren John West, Bend, argued the cause and filed the brief for respondents.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff, the putative father, appeals the trial court's order denying his motion to set aside an adoption judgment. He contends that it is void, because he did not consent to the adoption. We affirm.

Plaintiff and the child's mother began dating in Washington in May, 1984. In November, he enlisted in the United States Air Force. In December, the mother called and told him that she was pregnant and that he was the father. According to the mother, he rejected her claim and stated that he would assume no responsibility for the baby. During the following months, the mother told him that she did not want the baby, would do all in her power to keep him from getting it and might place it for adoption. She also became equivocal about whether he was the father.

On May 3, 1985, plaintiff and his parents filed filiation proceedings in Washington. Because they believed that the mother might move to Oregon, they sought and received an *ex parte* temporary restraining order forbidding her from leaving Yakima County or placing the baby for adoption. Attempts to serve her with the restraining order, including an attempt to do so at her aunt's home in Oregon, failed. Plaintiff's lawyer also wrote the aunt, asking her to tell the mother of the Washington filiation proceeding. Plaintiff did not file a notice of the initiation of the Washington filiation proceeding with the Oregon Department of Human Resources. *See* ORS 109.225.[1]

---

[1] ORS 109.225 provides:

"(1) After filing the [filiation] petition, the petitioner shall cause the Vital Statistics Unit of the Health Division of the Department of Human Resources to be served personally or by registered mail with a notice setting forth the court in which the petition was filed, the date of the filing therein, the case number, the full name and address of the child, the date and place of the child's birth, or if the child is not yet born, the date and place of the child's conception and the probable date of the child's birth, the full names and addresses of the child's alleged parents, and the names and addresses of the petitioner and of the respondents in the proceedings.

"(2) The Vital Statistics Unit shall file immediately the notice, or a copy thereof, with the record of the birth of the child or in the same manner as its filing of records of birth if the unit does not have a record of the birth. The unit shall only provide the information contained in the notice to persons whose names appear in the notice or to persons or agencies showing a legitimate interest in the parent-child relationship including, but not limited to, parties to adoption, juvenile court, or heirship proceedings."

The mother moved to Oregon, eventually living in Bend with a family whose daughter intended to adopt the baby. The daughter later changed her mind, apparently because she learned of plaintiff's petition in Washington. The family then introduced the mother to respondents, who agreed to adopt the baby. She was born on June 23, 1985. The next day, the mother signed a surrender and release of her parental rights in which she stated that she did not know who the father was. Children's Services Division (CSD) then prepared a social report. ORS 109.310(4). The mother refused to name the father to the CSD worker, saying that he had rejected the baby. On September 5, the court signed the adoption decree.

During that time, plaintiff's attorney had been unable to locate the mother. She was served in the filiation proceeding by publication in Washington. On July 23, 1985, plaintiff's attorney heard from another attorney in Yakima, who stated that he was representing the mother's aunt and that the baby had been born in another state and placed for adoption. He did not identify the other state. Plaintiff's attorney made further efforts to discover the mother's whereabouts. He scheduled depositions of people who might know where she was. At the request of the aunt's attorney, he agreed to postpone the depositions. On September 6, the aunt's attorney told him where the baby was born and whom he should call at CSD for more information. Plaintiff and his parents hired an attorney in Bend. On September 30, that attorney moved for permission to inspect the adoption file. On October 7, he moved to set the adoption aside. That motion was denied.[2] Plaintiff appeals.[3]

The issue is whether plaintiff was entitled to notice of the Oregon adoption proceedings. He argues that he was entitled to notice both under the relevant Oregon statutes and as a matter of federal due process. ORS 109.070[4] provides sev-

---

[2] On November 22, 1985, the Superior Court of Washington for Yakima County entered an order declaring plaintiff to be the father.

[3] Plaintiff's parents were parties in the Washington proceeding but not to this case.

[4] ORS 109.070 provides:

"The paternity of a person may be established as follows:

"(1) The child of a wife cohabiting with her husband who was not impotent or sterile at the time of the conception of the child, shall be conclusively presumed to be the child or her husband, whether or not the marriage of the husband and

eral methods for establishing paternity; there had been no compliance with any of those methods or their Washington analogs at the time when the trial court signed the adoption decree.

■ ORS 109.096[5] describes situations in which a putative

wife may be void.

"(2) A child born in wedlock, there being no decree of separation from bed or board, shall be presumed to be the child of the mother's husband, whether or not the marriage of the husband and wife may be void. This shall be a disputable presumption.

"(3) By the marriage of the parents of a child after birth of the child.

"(4) By filiation proceedings.

"(5) By joint declaration of paternity filed with the Vital Statistics Unit of the Health Division of the Department of Human Resources in the form approved by the state registrar and with the fee prescribed in ORS 432.145. The Vital Statistics Unit shall prepare a new birth certificate under the procedure established by ORS 432.420.

"(6) By paternity being established or declared by other provision of law."

[5] ORS 109.096 provides:

"(1) When the paternity of a child has not been established under ORS 109.070, the putative father shall be entitled to reasonable notice in adoption, juvenile court, or other court proceedings concerning the custody of the child if the petitioner knows, or by the exercise of ordinary diligence should have known:

"(a) That the child resided with the putative father at any time during the 60 days immediately preceding the initiation of the proceeding, or at any time since the child's birth if the child is less than 60 days old when the proceeding is initiated; or

"(b) That the putative father repeatedly has contributed or tried to contribute to the support of the child during the year immediately preceding the initiation of the proceeding, or during the period since the child's birth if the child is less than one year old when the proceeding is initiated.

"(2) Except as provided in subsection (3) or (4) of this section, a verified statement of the mother of the child or of the petitioner, or an affidavit of another person with knowledge of the facts, filed in the proceeding and asserting that the child has not resided with the putative father, as provided in paragraph (a) of subsection (1) of this section, and that the putative father has not contributed or tried to contribute to the support of the child, as provided in paragraph (b) of subsection (1) of this section, shall be sufficient proof to enable the court to grant the relief sought without notice to the putative father.

"(3) The putative father shall be entitled to reasonable notice in a proceeding for the adoption of the child if notice of the initiation of filiation proceedings as required by ORS 109.225 was on file with the Vital Statistics Unit of the Health Divison of the Department of Human Resources prior to the child's being placed by an authorized agency in the physical custody of a person or persons for the purpose of adoption by them. If the notice of the initiation of filiation proceedings was not on file at the time of the placement, the father shall be barred from

father is entitled to notice. Although plaintiff had initiated a filiation proceeding in Washington, and although he had reason to believe that the mother might move to Oregon, he did not file the notice required by ORS 109.096(4). Thus, under Oregon law, the Washington filiation proceeding was not sufficient by itself to entitle him to notice, and he did not qualify for notice under any other Oregon statute.

We next examine whether the effect of applying ORS 109.096 to plaintiff deprives him of his alleged status as the baby's father without due process, in violation of the Fourteenth Amendment.

In *P and P v. Children's Services Division,* 66 Or App 66, 673 P2d 864 (1983), the mother had met and had sexual relations with the putative father only once and did not know where he was. We held that ORS 109.096 was constitutional. We also held that the putative father was not entitled to notice of the proposed adoption. *See G.S.B. v. S.M.D.,* 80 Or App 155, 720 P2d 1339, *rev den* 301 Or 765 (1986). We relied primarily on *Lehr v. Robertson,* 463 US 248, 103 S Ct 2985, 77 L Ed 2d 614 (1983).

In *Lehr,* the mother had lived with the putative father in New York until the birth of the baby but concealed herself and the baby from him as soon as she left the hospital. The putative father was able to find the mother and to visit the

---

contesting the adoption proceeding.

"(4) The putative father shall be entitled to reasonable notice in juvenile court or other court proceedings if notice of the initiation of filiation proceedings as required by ORS 109.225 was on file with the Vital Statistics Unit prior to the initiation of the juvenile court or other court proceedings.

"(5) Notice under this section shall not be required to be given to a putative father who was a party to filiation proceedings under ORS 109.125 which either were dismissed or resulted in a finding that he was not the father of the child.

"(6) The notice required under this section shall be given in the manner provided in ORS 109.330.

"(7) No notice given under this section need disclose the name of the mother of the child.

"(8) A putative father has the primary responsibility to protect his rights, and nothing in this section shall be used to set aside an act of a permanent nature including, but not limited to, adoption or termination of parental rights, unless the father establishes within one year after the entry of the final decree or order fraud on the part of a petitioner in the proceeding with respect to matters specified in subsections (1) to (5) of this section."

baby a few times in the year following the baby's birth, but the mother ultimately succeeded in hiding herself and the baby from him for a year. During the period after the baby's birth, the mother married. When the putative father found her and asserted visitation claims, she and her husband filed a petition for the husband to adopt the child. The putative father then filed a filiation proceeding in an adjoining county. The adoption court, the mother and her husband knew of that proceeding. Nonetheless, the trial court granted the adoption without notice to the putative father. *Lehr v. Robertson, supra,* 463 US at 250-253; 463 US at 268-269 (White, J., dissenting).

New York maintains a "putative father registry." By filing with that registry, a putative father asserts his claim to paternity and is entitled to notice of any adoption proceeding. However, the putative father in *Lehr v. Robertson, supra,* did not file with the registry. The Supreme Court held that New York's decision to provide notice only to putative fathers who had been involved with their children or who had filed with the registry was not arbitrary and did not deprive the putative father of due process.

> "[T]he right to receive notice was completely within appellant's control. By mailing a post card to the putative father registry, he could have guaranteed that he would receive notice of any proceeding to adopt Jessica. *The possibility that he may have failed to do so because of his ignorance of the law cannot be a sufficient reason for criticizing the law itself.*" 463 US at 264. (Emphasis supplied.)

The court dismissed the putative father's argument that he was entitled to notice because the court and the mother knew of the filiation proceeding as "nothing more than an indirect attack on the notice provisions of the New York statute." 463 US at 265. Thus, that the statute was constitutional meant that its application to the putative father was constitutional.

Oregon's statutory scheme is constitutional. *P and P v. Children's Services Division, supra.* ORS 109.096(4) provides a method, comparable to the New York putative father registry, by which plaintiff could have asserted his claim and assured that he would have received notice of any adoption proceeding. Although he had reason to believe that the mother might move to Oregon, and although he had instituted filiation proceedings in Washington, he did not file a notice of

those proceedings in Oregon. Oregon law gave him a method to overcome the actions of the mother in hiding the adoption proceeding from him. That he did not use it, and thus did not learn of the proceedings before the adoption was approved, does not establish that he was denied due process. *Lehr v. Robertson, supra.* Plaintiff has not alleged nor proved any fraud on the part of the adoptive parents. *See* ORS 109.096(8). The trial court correctly concluded that ORS 109.096 is controlling and that plaintiff is precluded from contesting the adoption.

Affirmed.